Linda S. Donnelly, Disciplinary Pros., George S. Meyer, Deputy Disciplinary Pros., Denver, for complainant.

David Clark Miller, pro se.

LOHR, Justice.

In this grievance proceeding, the disciplinary prosecutor filed a formal complaint against the respondent, David Clark Miller, alleging professional misconduct. The respondent and the disciplinary prosecutor entered into a Stipulation, Agreement, and Conditional Admission of Misconduct in which the respondent admitted the essential facts contained in the complaint. The parties jointly recommended that the respondent be disbarred from the practice of law, and the respondent agreed to pay the costs of this grievance proceeding. An inquiry panel of the grievance committee approved the stipulation. We agree that disbarment is the appropriate remedy for the respondent's professional misconduct.

David Clark Miller was admitted to the bar in Colorado on September 27, 1972, and is registered as an attorney upon the records of this court. He therefore is subject to the jurisdiction of the grievance committee and of this court in all matters

relating to the practice of law. C.R.C.P. 241.1(b). The following stipulated facts describe the professional misconduct on which the respondent's disbarment is based.

The respondent was also a member of the bar of the State of Oregon, and became the subject of a disciplinary proceeding in that state. In that proceeding, the respondent submitted to the trial panel a stipulation admitting the essential facts of his professional misconduct.

According to the Oregon stipulation, on two occasions in 1983, Miller transferred funds held for a client from his trust account to his office account before earning fees or advancing costs sufficient to justify the transfers. Miller also billed this same client for twelve hours of work allegedly performed on January 21, 1983. On that date, the respondent did not perform any work for that client but instead took depositions in an unrelated case and billed the second client for the same hours. When the mistake was called to his attention, he failed to correct it. In billing a third client, Miller would occasionally increase the number of hours shown on the billing statement. On another occasion he billed this client for first class air fare when he actually flew coach class and used the extra money to purchase a coach ticket for his wife.

The Oregon Supreme Court reviewed the findings of the trial panel and found Miller guilty of this professional misconduct. On April 14, 1987, the respondent was disbarred from the practice of law in Oregon for misusing client funds with which he had been entrusted and for taking fees for work not performed. *In re Complaint as to the Conduct of David C. Miller*, 735 P.2d 591 (Or.1987). The respondent failed to inform the committee counsel for Colorado's grievance committee that public discipline had been imposed upon him in Oregon, as required by Rule 241.17(b) of the Colorado Supreme Court rules concerning discipline of attorneys.

In the Stipulation, Agreement, and Conditional Admission of Misconduct submitted to this court, the respondent admitted that the foregoing conduct violated Rules 241.6 and 241.17(b) of the Colorado Supreme Court Rules and the Code of Professional Responsibility, DR 1–102(A)(1) (violation of a disciplinary rule), DR 1–102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation), DR 2–106(A) (charging a clearly excessive fee), and DR 9–102(A) (preserving identity of funds and property of a client). The parties to the stipulation recommended disbarment from the practice of law in the State of Colorado as the appropriate discipline, and the inquiry panel approved that stipulation. *See* C.R.C.P. 241.17(d). We agree with the grievance committee's recommendation.

Accordingly, the respondent, David Clark Miller, is hereby disbarred, and his name is ordered stricken from the roll of attorneys licensed to practice before this court. The respondent is ordered to pay the costs of this proceeding in the amount of $40.59 to the Supreme Court Grievance Committee, 600 17th Street, Suite 500S, Denver, Colorado, 80202–5435, within thirty days from the date of the announcement of this opinion. The respondent shall comply with the requirements of C.R.C.P. 241.21 and shall not be readmitted to the practice of law in Colorado until he has complied with C.R.C.P. 241.22(a) and has paid the costs assessed in this proceeding.